IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TONY CHENG,

        Plaintiff,

  v.

SCHLUMBERGER,

        Defendant.

No. C 13-02641 JSW

**ORDER DENYING REQUEST AND DEMAND FOR A DIFFERENT COURT OR TRANSFER TO HOUSTON**

On August 30, 2013, following a status conference, Plaintiff filed a request that this matter be heard by a different judge or, in the alternative, to transfer this matter to Houston, Texas "if Houston is a more appropriate jurisdiction." With respect to the latter request, the Court DENIES the motion to transfer, because Plaintiff has not set forth facts or legal argument as to why Houston would be an appropriate venue to hear this dispute. If Plaintiff seeks to renew that request, he must file a motion to transfer, setting for the facts and legal argument that support this position. Plaintiff also asks that the Court recuse itself from the matter and reassign the case to a different judge, however he does not cite any legal authority in support of this request.

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge also "shall disqualify himself ... [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *Id.* § 455(b). Section 455 imposes an affirmative duty upon judges to recuse themselves when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). The provisions of Section 455

1  "require recusal only if the bias or prejudice stem from an extrajudicial source and not from

2  conduct or rulings made during the course of the proceeding." *Toth v. Trans World Airlines,*

3  *Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988).

4  Similarly, 28 U.S.C. Section 144, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Pursuant to Section 144, the judge assigned to the case may pass on the legal sufficiency of the motion and only after legal sufficiency is established does it become the duty of that judge to proceed no further. *See United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978). The inquiry is addressed to the facial sufficiency of the affidavit and not to the truth or falsity of the facts therein. *See United States v. Montecalvo*, 545 F.2d 684, 685 (9th Cir. 1976). However,

> [j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. ... [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (citing cases). Plaintiff has not filed an affidavit in support of his request. However, even if he had, his motion appears to be based on rulings that this Court made at the status conference.

//

//

//

2

The Court concludes Plaintiff has not demonstrated that recusal is required. Accordingly, his request to have this matter assigned to a different judge is DENIED.

**IT IS SO ORDERED.**

Dated: September 23, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

TONY CHENG,

    Plaintiff,

v.

SCHLUMBERGER et al,

    Defendant.
_____/

Case Number: CV13-02641 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 24, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Tony Hsiao-Ping Cheng
1924 E 28th St
Oakland, CA 94606

Dated: September 23, 2013

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk