**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY CHENG, | No. C 13-02641 JSW |
| Plaintiff, | **ORDER GRANTING, IN PART, DENYING, IN PART, AND DENYING WITHOUT PREJUDICE, IN PART, MOTION TO DISMISS AND TRANSFERRING TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION** |
| v. | |
| SCHLUMBERGER, | |
| Defendant. | |
| _____/ | |

**INTRODUCTION**

This matter comes before the Court upon consideration of the Motion to Dismiss filed by Defendant Schlumberger Limited. ("SLB Ltd."). The Court has considered the parties' papers, the record in this case, relevant legal authority, and it finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled on November 1, 2013. For the reasons set forth in the remainder of this Order, the Court GRANTS IN PART, DENIES IN PART, AND DENIES WITHOUT PREJUDICE IN PART, SLB Ltd.'s motion and TRANSFERS this action to the United States District Court for the Southern District of Texas, Houston Division.[1]

//

---

[1] On October 21, 2013, Mr. Cheng filed a request in which he asks the Court to require the parties to proceed with discovery, disclosures and an amended complaint as soon as possible. He also asks the Court to direct the defendant to release stock shares to him. (Docket No. 94.) The Court DENIES these request without prejudice to renewing them after this case has been transferred.

**BACKGROUND**

On June 10, 2013, Mr. Cheng filed his Complaint in this action, in which he alleges employment discrimination in violation of Title VII of the Civil Rights Act of 1964. Specifically, Mr. Cheng alleges that from October 2010 onward, he was discriminated against on the basis of his "disability, sexual orientation, [and] race." (Docket No. 1, Compl. ¶ 6.) For example, Mr. Cheng claims that he was improperly terminated, denied a promised promotion, given "unreasonably low evaluations," and assigned "workloads in excess of 100 hours per week in addition to requiring intercontinental travel across times zones up to 4 times per week despite ... requests for accommodation." (*Id.*; *see also id.* at ECF p. 6 ("Charge of Discrimination").) Mr. Cheng named "Schlumberger" as the defendant in the caption of his Complaint.

Mr. Cheng alleges that he filed charges with the "Federal Equal Opportunity Commission (or the California Department of Fair Employment and Housing regarding defendant's alleged discriminatory conduct on or about August 15, 2012," and was issued a right-to-sue letter on March 26, 2013. (*Id.* ¶¶ 8-9; *see also* Compl. at ECF p. 4 (Right to Sue Letter).) However, according to the documents attached to his Complaint, Mr. Cheng filed his charge with the Texas Workforce Commission Civil Rights Division. Mr. Cheng identified "Schlumberger Business Consulting" as his employer and provided an address of 5599 San Felipe Street, Houston, Texas 77056. Mr. Cheng also stated that the alleged discrimination took place between October 1, 2010 and December 31, 2012. (Charge of Discrimination.)

Mr. Cheng also attached a "Defence and Counterclaim" to his Complaint. That document was filed on April 5, 2012, in the Subordinate Courts of the Republic of Singapore, and it relates to a dispute between Data Marine Systems (S) Pte. Ltd. ("DMS") and Mr. Cheng. (Compl. at ECF pp. 13-26 ("Defence and Counterclaim").) In the Defence and Counterclaim, Mr. Cheng alleged that "Plaintiff [DMS] employed and appointed Cheng as the senior consultant for its Singapore office pursuant to the terms and conditions set out in the Plaintiff's Letter of Offer dated 18 May 2010." (Defence and Counterclaim ¶ 15.) Mr. Cheng also referenced alleged acts of discrimination. (*Id.* ¶¶ 19, 21-22.) According to the record, that

action has been stayed pending Mr. Cheng's provision of security for costs.  (*See* Docket No. 61-1, Opp. Br., Ex. I.)

The Court shall address additional facts as necessary in the remainder of this Order.

## ANALYSIS

SLB Ltd. moves to dismiss on the basis that: (1) Mr. Cheng fails to allege facts showing that SLB Ltd. was his employer or was a dual or joint employer for Title VII purposes; (2) venue is improper in this District; (3) Mr. Cheng's claims are time-barred; (4) Mr. Cheng failed to exhaust his administrative remedies; and (5) the Court should decline to hear this action given the pendency of the dispute in Singapore.  The Court concludes that venue is improper, based on Title VII's venue provision.  Accordingly, with one exception discussed in the footnote below, the Court does not reach SLB Ltd.'s alternative arguments.[2]  SLB Ltd. is free to renew those arguments once this case has been transferred.

### A.  Venue is Not Proper in this District.

SLB Ltd. moves to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).  Because SLB Ltd. challenges venue, Mr. Cheng bears the burden to establish that venue in this District is proper.  *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).  In order to make this determination, the Court need not accept Mr. Cheng's allegations as true and may rely on facts outside the pleadings.  *See, e.g., Doe v. AOL, LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009).

SLB, Ltd. cites to the general venue statute, 28 U.S.C. Section 1391, in support of its motion.  Section 1391 governs issues relating to venue, "except as otherwise provided by law[.]"  28 U.S.C. § 1391(a).  Mr. Cheng's claims are premised upon employment discrimination under Title VII, which contains a specific venue provision.  Title VII

> authorizes suit "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed" as well as in the district where employment records are kept, in the district where the

---

[2] SLB Ltd. also moved to dismiss on the basis that *DMS* - which it suggests is a distinct legal entity - is not subject to personal jurisdiction in this Court.  However, DMS has not appeared, and SLB Ltd. provides the Court with no authority to suggest that it has standing to raise this argument on behalf of DMS.  Accordingly, the Court DENIES, IN PART, SLB Ltd.'s motion to the extent it rests on this argument.

3

plaintiff would have worked but for the alleged unlawful practice, and, if those provisions fail to provide a forum, in the district where the defendant keeps its principal office.

*Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 504 (9th Cir. 2000) (quoting 42 U.S.C. § 2000e–5(f)(3)); *see also Johnson v. Payless Drug Stores Northwest*, 950 F.2d 856, 857 (9th Cir. 1991)).

Based on the record before the Court, Mr. Cheng has not alleged that any discriminatory acts took place in the Northern District of California. (*See generally* Complaint; *see also* Defence and Counterclaim ¶¶ 14, 19, 21; *see also* Declaration of Jose Antonio Su Gallegos ("Gallegos Decl."), ¶ 4, Ex. B.) In addition, Mr. Cheng has not shown that his employment records are kept in this District or that he would have worked in this District but for the allegedly unlawful employment practices. Because those three conditions are not met, venue would be proper in this District only if SLB Ltd. keeps its principal office here. Mr. Cheng does not present any evidence that SLB Ltd. keeps its principal office in this District.

Accordingly, Mr. Cheng has not met his burden to show that the Northern District of California is the proper venue for his claims, and the Court GRANTS, IN PART, SLB Ltd.'s motion on that basis.

Having determined that venue is not proper, the Court now turns to whether it will dismiss or transfer the case. *See* 28 U.S.C. § 1406(a). In his opposition brief, Mr. Cheng argued that venue was proper in this District and did not ask the Court to transfer the case to a different venue. However, on August 30, 2013, Mr. Cheng filed a request to transfer this matter to Houston, Texas. (Docket No. 63.) The Court denied that request, but that ruling was without prejudice. (*See* Docket No. 82.) Having considered the parties' briefs on the motion to dismiss, the Court finds it appropriate to revisit the issue of whether a transfer is appropriate.

If a district court concludes that venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division on which it could have been brought." 28 U.S.C. § 1406(a). Under Title VII's venue provision, "the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought." 42 U.S.C. § 2000e-5(f)(3).

4

1   Although the Court is persuaded that SLB Ltd. does not keep a principal office in this
2   District, it has submitted a declaration in which it states that it "is a multinational corporation
3   that is incorporated in Curacao and has principal executive offices in Paris, *Houston*, and the
4   Hague." (Docket No. 28-14, Declaration of Saul Laureles, ¶ 3 (emphasis added); *see also id.*
5   Ex. A (Securities and Exchange Commission Form 8-K).) According to the Form 8-K, SLB
6   Ltd.'s address in Houston is the same address that Mr. Cheng listed as SBC's address on his
7   Administrative Charge.

8   Based on this record, including the muddled record on the corporate relationship
9   between the various subsidiaries and business units of SLB Ltd., the Court cannot definitively
10  say this action could not have been brought in Houston. Accordingly, in the interests of justice,
11  the Court HEREBY TRANSFERS this action to the United States District Court for the
12  Southern District of Texas, Houston Division. The Clerk shall close this file and shall transfer
13  this action forthwith.

**IT IS SO ORDERED.**

Dated: October 29, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

5